899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip Reginald HIGGINBOTHAM, Petitioner-Appellant,
v.
Theodore KOEHLER, Respondent-Appellee.
 No. 89-1645.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KEITH and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, who is represented by counsel, appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Petitioner was convicted by a jury of first degree felony-murder and possession of a firearm in the commission of a felony. He received a mandatory term of life imprisonment on the felony-murder conviction and a mandatory two year term of incarceration on the felony-firearm conviction.
 
 
 3
 After the completion of a direct appeal in state court, a 28 U.S.C. Sec. 2254 federal habeas petition, several delayed motions for a new trial, and several delayed applications for leave to appeal, petitioner filed a second petition for a writ of habeas corpus in the District Court for the Eastern District of Michigan. In support of his request for that relief, he maintained his convictions were invalid because: 1) he was denied a fair trial and due process of law when the trial court examined witnesses, cut off cross-examination by defense counsel, and failed to instruct on the defense of intoxication; 2) he was denied the effective assistance of counsel; and 3) he was denied a fair trial and due process of law because of prosecutorial misconduct.
 
 
 4
 After reviewing the petition and the respondent's answer, the district court dismissed the petition as abusive of the writ pursuant to Rule 9(b), Rules Governing Section 2254 Cases. Upon consideration, we conclude that the district court was within its discretion in dismissing the petition.
 
 
 5
 The dismissal of the petition as an abuse of the writ was proper. Generally, dismissals pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases will be reviewed only for abuse of discretion. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Insofar as petitioner's claims allege new grounds for relief, petitioner offers no reason for his failure to assert the claims in his prior petition. See Jones v. Estelle, 722 F.2d 159, 164-65 (5th Cir.1983), cert. denied, 466 U.S. 976 (1984). Under these circumstances, we conclude the district court properly dismissed the petition.
 
 
 6
 Therefore, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.