929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene TAYLOR, Petitioner-Appellant,
v.
Jan C. FUSON, Respondent-Appellee.
 No. 90-6282.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 1
 W.D.Ky, No. 90-00322; Ballautine Jr., C.J.
 
 
 2
 W.D.Ky.
 
 
 3
 AFFIRMED.
 
 
 4
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges and FEIKENS, Senior District Judge.*
 
 ORDER
 
 5
 Eugene Taylor appeals from the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Taylor also moves for appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Taylor was convicted by a jury of third degree burglary, theft by unlawful taking over one hundred dollars and intimidating a witness. Thereafter, he entered a plea of guilty to a charge of Persistent Felony Offender II, a lesser included offense of Persistent Felony Offender I for which he had been indicted. It is not denied that he has exhausted his remedies in the state of Kentucky.
 
 
 7
 In his petition for habeas relief, Taylor alleged: 1) he was provided ineffective assistance of counsel during the PFO hearing because of counsel's alleged failure to investigate whether the six offenses upon which his enhanced sentence was based were valid or invalid under Boykin v. Alabama, 395 U.S. 238 (1969); 2) he was denied due process by the trial court's denial of his request for a separation of witnesses during an evidentiary hearing on the ineffective assistance of counsel claim; 3) the trial court erred by questioning the defendant about an indictment that was irrelevant to the six prior offenses used as the basis for his PFO conviction; and 4) he was denied his constitutional right to a fair and impartial evidentiary hearing.
 
 
 8
 The district court denied his petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. On appeal, Taylor reasserts his contention that he was provided ineffective assistance of counsel by his counsel's failure to investigate whether his prior convictions were valid under Boykin.
 
 
 9
 Upon review, this court concludes that the district court properly denied the petition for habeas relief. The record shows that the district court did not abuse its discretion in dismissing the petition as an abuse of the writ. Sanders v. United States, 373 U.S. 1, 16-17 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). The Supreme Court has made it clear that any decision to deny a successive petition is within the sound discretion of the federal trial judges. Sanders, 373 U.S. at 18. In his appeal, Taylor raises only the issues surrounding his counsel's failure to investigate his prior convictions and, thus, the remaining three issues originally raised in the district court are now considered abandoned. McMurphy v. City of Flushing, 802 F.2d 191, 198-199 (6th Cir.1986); Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 10
 Accordingly, the petitioner's motion for counsel is denied, and the district court's order entered October 5, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation