Robert LONBERGER, Jr.,
Petitioner-Appellant,

v.

R.C. MARSHALL, Respondent-Appellee.

No. 84–3596.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 6, 1986.

Decided Jan. 6, 1987.

Rehearing Denied Feb. 4, 1987.

Robert Lonberger pro se.

George R. Smith, Jr. (argued), Toledo, Ohio, for petitioner-appellant.

Richard D. Drake, Asst. Atty. Gen., Columbus, Ohio, Thomas J. O'Connell (argued), Asst. Atty. Gen., for respondent-appellee.

Before KENNEDY and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Lonberger, petitioner in this habeas case, contends that his conviction in an Illinois court for attempted murder and aggravated battery violated the double jeopardy clause of the fifth amendment and that his guilty plea in the Illinois case was involuntary because his counsel failed to apprise him of the double jeopardy violation. Petitioner's Illinois conviction for attempted murder was used in a subsequent Ohio proceeding as a specification to enhance his sentence for murder. The District Court denied the writ. We affirm, although on a somewhat different basis than that utilized by the District Court.

## I.

The facts of this case have been discussed fully in connection with the petitioner's previous habeas petition. *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). Petitioner pled guilty to attempted murder and aggravated battery in Illinois in 1972. In 1975, petitioner was indicted in Ohio on two counts of aggravated murder. One count charged petitioner with murder with "prior calculation and design," while the other charged petitioner with murder while committing rape.[1]

Both counts of aggravated murder contained a "specification" alleging that petitioner had been convicted of attempted murder in Illinois.[2] The prosecution introduced into evidence a conviction statement, with the indictment appended, from the Illinois conviction. The conviction statement showed that an Illinois court had entered proof that petitioner had plead guilty to an indictment which charged three counts of aggravated battery and one count of attempted murder. The Ohio trial court instructed the jury not to consider the prior attempted murder conviction in determining petitioner's guilt or innocence on the substantive charge.

A jury found petitioner guilty of aggravated murder while committing rape and of the specification.[3] The Ohio Court of Appeals reversed the conviction because the state had failed to establish the elements of rape beyond a reasonable doubt, and reduced the conviction to the lesser included offense of murder. The trial court then sentenced petitioner to fifteen years to life imprisonment. Petitioner, after exhausting his state law remedies, petitioned for a writ of habeas corpus. In this first petition, petitioner claimed, *inter alia*, that his guilty plea in the Illinois case was not entered voluntarily and intelligently. The United States Supreme Court reversed this Court and affirmed the district court's denial of the writ. *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

Petitioner brought the present habeas petition alleging that his conviction for aggravated battery[4] and attempted murder[5]

1. The Ohio statutes under which petitioner was tried provide for life imprisonment upon conviction of aggravated murder unless one of seven "specifications" listed in section 2929.04 is charged and proved at trial, in which case a defendant could be sentenced to death. Section 2929.02 provides in pertinent part:

    (A) Whoever is convicted of, pleads guilty to, or pleads no contest and is found guilty of, aggravated murder in violation of section 2903.01 of the Revised Code shall suffer death or be imprisoned for life, as determined pursuant to sections 2929.022 [2929.02.2], 2929.-03, and 2929.04 of the Revised Code....

    Ohio Rev.Code Ann. § 2929.02 (Page 1982). Ohio Rev.Code Ann. § 2929.03 provides in pertinent part:

    If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in subdivision (A) of section 2929.04 of the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years....

    *Id.* § 2929.03(C)(2).

2. Petitioner's conviction of attempted murder is one of the specifications prescribed by Ohio Rev.Code Ann. § 2929.04(A)(5). This section provides:

    (A) Imposition of the death penalty for aggravated murder is precluded, unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:

    ....

    (5) Prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another....

    *Id.* § 2929.04.

3. The jury did not return a verdict on the first count of aggravated murder or the specification accompanying that charge.

4. The Illinois aggravated battery statute provides: "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." Ill.Ann.Stat. ch. 38, § 12–4 (Smith-Hurd 1979).

5. Murder is defined as follows:

    (a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

    (1) He either intends to kill or do great bodily harm to that individual or another, or

in Illinois violated double jeopardy, and that his guilty plea in the Illinois proceeding was not intelligently and voluntarily entered because his counsel failed to apprise him of the double jeopardy violation. The District Court, adopting the magistrate's report and recommendation, concluded that because the Supreme Court had ruled that petitioner's plea in the Illinois case was voluntarily and intelligently made, petitioner in this habeas petition could not claim that his counsel was ineffective.[6] The District Court also concluded that under Illinois law, aggravated battery requires proof of a battery or the application of force to an individual via a deadly weapon or otherwise. Attempted murder, on the other hand, requires an intent to kill or do great bodily harm. Therefore, the Court concluded that petitioner was not subject to multiple punishment for the same offense because different elements of proof are required for the two crimes. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

On appeal, petitioner contends that the District Court erred in its double jeopardy analysis. According to petitioner, legislative intent is dispositive of the issue of whether his conviction for attempted murder and aggravated battery violated double jeopardy. *See Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Because the Illinois legislature did not intend separate punishment for these two offenses, petitioner argues that he was subject to multiple punishment for the same offense. Petitioner further contends that the District Court erroneously concluded that the Supreme Court already decided

the ineffective assistance of counsel issue. According to petitioner, the ineffective assistance of counsel issue in the present habeas petition concerns the Illinois counsel's failure to apprise him of the double jeopardy violation prior to his guilty plea, not the issue of whether he understood the charges against him. Thus, petitioner argues that the decision in the first habeas case is not *res judicata* to his ineffective assistance of counsel claim in his present petition.

The state contends that the Supreme Court's decision holding that petitioner's plea was voluntarily and intelligently entered is *res judicata* to petitioner's present double jeopardy and ineffective assistance of counsel claims. Alternatively, the state contends that even if the double jeopardy claim is not barred, the offenses to which petitioner pled guilty are different because each requires proof of a fact that the other does not; consequently, convictions for both offenses do not violate double jeopardy.

## II.

Although the Ohio Court of Appeals reduced petitioner's aggravated murder conviction to murder, the lesser included offense, so that the specification of the Illinois conviction could not enhance the punishment, we must nonetheless consider the alleged constitutional violations in the Illinois proceeding. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In *Burgett*, the Court held that a prior constitutionally invalid conviction was inherently prejudicial whether or not it was used to enhance defendant's sentence.[7]

knows that such acts will cause death to that individual or another; or

    (2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another....

*Id.* § 9-1. Attempt is defined as follows:

A person commits an attempt when, with intent to commit a specified offense, he does any act which constitutes a substantial step toward the commission of that offense.

*Id.* § 8-4(a).

6. The District Court relied on Rule 9(b) of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244(c).

7. The indictment in *Burgett* charged defendant with assault and, pursuant to the Texas recidivist statutes, included allegations that defendant had incurred four previous felony convictions. The indictment was read to the jury at the beginning of the trial, including that part containing the four previous convictions. Although the prosecution presented evidence at trial regarding one of these convictions, the trial court instructed the jury not to consider the prior

We find, however, that it is not necessary to engage in a double jeopardy analysis with respect to the Illinois conviction. Even if petitioner's conviction for attempted murder and aggravated battery violated the *Blockburger* test as interpreted in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980),[8] an examination of Illinois law reveals that this double jeopardy violation did not result in any prejudice. Illinois law provides that where two or more offenses arise from the same conduct, a defendant will stand convicted of the most serious offense. *People v. King*, 66 Ill.2d 551, 561, 6 Ill.Dec. 891, 363 N.E.2d 838, 842, *cert. denied*, 434 U.S. 894, 98 S.Ct. 273, 54 L.Ed.2d 181 (1977). In *People ex rel. Walker v. Pate*, 53 Ill.2d 485, 292 N.E.2d 387 (1973), for example, the Illinois Supreme Court held that a defendant could not be sentenced for aggravated battery and attempted murder because both crimes resulted from the same conduct. *Id.* at 489, 292 N.E.2d at 390. The Illinois Supreme Court reversed defendant's aggravated battery conviction, but affirmed the attempted murder conviction; double jeopardy extinguished the lesser offense but left the more serious offense standing. Therefore, in the present case, assuming petitioner's conviction for attempted murder and aggravated battery violated double jeopardy, petitioner's attempted murder conviction would remain. The Ohio court used only the attempted

murder conviction to enhance petitioner's sentence; the court did not enhance the sentence based on petitioner's aggravated battery conviction or a combination of the attempted murder and aggravated battery convictions.[9] Accordingly, we conclude that petitioner was not prejudiced by any double jeopardy violation.

Petitioner also contends that his Illinois counsel was ineffective for failing to apprise him of the double jeopardy violation and that this resulted in an involuntary plea. The United States Supreme Court articulated the standards for determining whether a defendant has been denied effective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, petitioner must establish that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the sixth amendment, and that this performance prejudiced the defense. As discussed above, Illinois law provides that petitioner's attempted murder conviction would be given effect even if he was subject to double jeopardy. Thus, petitioner suffered no prejudice.

Alternatively, petitioner's contention that his plea was not voluntarily or intelligently entered was considered in his previous petition.[10] The United States Supreme Court disagreed and affirmed the district court's denial of the writ.[11] *Marshall v. Lonber-*

---

offenses for any purpose. The Texas Court of Criminal Appeals affirmed defendant's conviction concluding that because the previous conviction was not used to enhance defendant's punishment, it would not consider its validity. Nevertheless, the Supreme Court reversed the conviction because defendant was denied his right to counsel in the previous proceeding and the admission into evidence of this unconstitutionally secured conviction, despite the fact that it was not used to enhance defendant's sentence, was found to be inherently prejudicial. 389 U.S. at 115, 88 S.Ct. at 262.

**8.** In *Vitale*, the Supreme Court stated that when applying the *Blockburger* test, the court must consider the specific offenses charged, not the statute, to determine whether conviction under the offenses violated double jeopardy.

**9.** Ohio Rev.Code section 2929.04 provides that a sentence may be enhanced if defendant was

previously convicted of several specific offenses, one of which is attempted murder. *See, supra,* note 2.

**10.** In this first writ, petitioner contended that he did not know what the charges against him were because the conviction statement stated that he was indicted for "AGGRAVATED BATTERY, ETC.," and did not state that the ETC. referred to attempted murder.

**11.** The Ohio trial court reviewed a certified copy of the Illinois proceeding and a transcript of the plea of guilty and concluded that petitioner was represented at all stages of the proceedings by competent and capable counsel. The Ohio Court of Appeals concluded that petitioner was "well represented at all stages of the proceedings by competent and capable counsel in Illinois...." These findings prompted the Supreme Court to conclude that the Ohio courts

*ger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). In the present petition, petitioner contends that although he seeks review of the same issue decided by the Supreme Court, the present review is based on a new and independent ground.

The Supreme Court in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), stated that controlling weight may be given to denial of a prior habeas petition if:

> (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* at 15, 83 S.Ct. at 1077.[12] Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts codifies this test. It provides:

> (b) Successive petitions. *A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits* or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. foll. § 2254, Rule 9(b) (emphasis added). This Court has held that dismissal of a habeas petition pursuant to Rule 9 lies within the discretion of the trial judge. *Leroy v. Marshall,* 757 F.2d 94, 97 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 99, 88 L.Ed.2d 80 (1986). *See also Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078. Thus, we must determine whether the trial judge abused his discretion in concluding that petitioner's contention that his plea was not voluntarily and intelligently made because his Illinois counsel failed to apprise him of the double jeopardy violation and the contention in the first petition that his

plea was not voluntarily and intelligently entered because he was not aware of the charges against him are sufficiently similar to be regarded as the same "grounds" for Rule 9(b) purposes.

The *Sanders* Court defined "ground" as "a sufficient legal basis for granting the relief sought by the applicant," and provided the following illustration: "a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion." *Sanders,* 373 U.S. at 16, 83 S.Ct. at 1077. The Court also stated that identical grounds may often be proved by different factual allegations and legal arguments.

The Fourth Circuit recently considered whether a subsequent habeas petition alleged the same grounds for relief as a prior petition. In *Miller v. Bordenkircher,* 764 F.2d 245 (4th Cir.1985), petitioner's two previous habeas petitions were both denied. The first petition included allegations that his right against self-incrimination was violated because statements elicited while he was under the influence of drugs were used to coerce his guilty plea. The second petition included an allegation that the state court had failed to inform him of the nature of the offense. The petition before the Fourth Circuit included a contention that petitioner was not advised of his right against self-incrimination by the state court because the court did not inform him that he did not have to be a witness against himself. Although the Fourth Circuit noted that the third claim was not specifically addressed in the prior petitions, it held that the trial court did not abuse its discretion in concluding that the third petition was based on the same grounds as those presented in the previous petitions. *Id.* at 250. The court reasoned that any contention that petitioner was not advised of his right to silence was necessarily intertwined

---

"found that [petitioner] was represented by two lawyers who were competent and capable, and the record suggests that one of the two was a nationally respected public defender...." *Mar-*

*shall v. Lonberger,* 459 U.S. at 434 n. 3, 103 S.Ct. at 850 n. 3.

**12.** It is undisputed that the petitioner's previous habeas petition was dismissed on the merits.

with both voluntariness and self-incrimination. *Accord Sinclair v. Louisiana,* 679 F.2d 513 (5th Cir.1982) (third habeas petition alleging involuntary plea because no one informed him that a pending murder conviction might be imposed consecutively, dismissed as successive pursuant to Rule 9(b) because court previously concluded that plea was entered voluntarily).

The Eleventh Circuit reached a similar result in *Raulerson v. Wainwright,* 753 F.2d 869 (11th Cir.1985). The petition before the *Raulerson* court contained an allegation that counsel was ineffective in failing to request a limiting instruction concerning evidence of other crimes and in failing to investigate and present witnesses to refute this evidence. The court found this petition to be successive under Rule 9(b) because a previous petition raised this contention in a somewhat different context. *Id.* at 873. The previous petition, which was denied on the merits, contained a contention that counsel was ineffective in failing to object to the introduction of evidence to the other crimes.

In the present case, petitioner's first petition alleged that his plea was not entered intelligently and voluntarily because he was not aware of the charges against him. The Supreme Court disagreed and also found that petitioner was represented in the Illinois proceeding by competent and capable counsel. The essence of the present petition, although based on different factual allegations, is that the Illinois plea was not voluntarily and intelligently entered. We find that this petition is successive for purposes of Rule 9(b) because it is based on the same ground as the first petition.

The *Sanders* Court also stated that even if the same ground was rejected on the merits in the previous petition, this ground is open for redetermination if the applicant demonstrates that the ends of justice would be served. The *Sanders* Court also noted that redetermination may be appropriate if the initial hearing denying the writ was not fair, if there had been an intervening change in the law, or if the denial of the previous petition constitutes plain error. *Sanders,* 373 U.S. at 16–17, 83 S.Ct. at 1077–1078. In the present case, petitioner provides no reason, other than the double jeopardy violation, why the ends of justice require this Court to reconsider the involuntary plea contention. Additionally, we find that none of the factors set forth by the *Sanders* Court are present. Petitioner received a full and fair hearing in the previous petition on his involuntary plea contention. Therefore, we concluded that petitioner has not met his burden of establishing that the ends of justice require reconsideration of this claim in the context of an ineffective assistance of counsel allegation, and conclude that the District Court did not abuse its discretion in finding that petitioner's petition was successive for purposes of Rule 9(b).

Accordingly, the judgment of the District Court denying the writ is affirmed.