887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Faysal D. MUHAMMAD, Petitioner-Appellant,
v.
MICHIGAN CORRECTIONS COMMISSION; Theodore Koehler, Warden,
Respondents-Appellees.
 No. 89-2080.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On March 23, 1984, a jury in the Ingham County, Michigan Circuit Court found petitioner, Faysal D. Muhammad, guilty of larceny of goods valued at over $100.00. Petitioner was also found to be an habitual offender in consequence of which his punishment was set at a term of 5 to 10 years imprisonment. After the completion of a direct appeal in state court, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Western District of Michigan. In support of his request for that relief, he maintained that his convictions were invalid because: 1) the prosecution had violated his right to due process by failing to secure the presence of a res gestae witness at rrial; and 2) the trial court had erred in denying his motions to suppress evidence of his prior felony convictions. Based upon a magistrate's report and recommendation, however, the district court declined to address the merits of those claims. Instead, the court observed that petitioner had previously filed a habeas petition raising the same grounds for relief which had been dismissed due to his failure to exhaust state remedies. Accordingly, the court determined that the petition for habeas relief then before it was successive in nature and subject to dismissal pursuant to Rule 9(b), Rules Governing Cases Under Section 2254. After entry of an order to that effect, petitioner filed this appeal.
 
 
 4
 This court has concluded that the district court erred in determining that the petition for a writ of habeas corpus was a successive petition under Rule 9(b), Rules Governing Cases Under Section 2254. That rule specifies:
 
 
 5
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits.... (emphasis added).
 
 
 6
 See also Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). The petition under consideration in this appeal does not fall within the scope of that rule as petitioner's earlier action for habeas relief was not adjudicated on the merits, but was dismissed for failure to exhaust state remedies. Consequently, the petition for habeas relief is not a successive petition and the district court erred in relying on Rule 9(b), Rules Governing Cases Under Section 2254, as the basis of its order of dismissal.
 
 
 7
 Accordingly, the district court's final order is hereby vacated and the appeal remanded to the district court. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation