891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice SULLIVAN, Petitioner-Appellant,
v.
Al C. PARKE, Warden; Attorney General, Commonwealth of
Kentucky, Respondents-Appellees.
 No. 89-5905.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Maurice Sullivan, who is represented by counsel, appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Sullivan pleaded guilty to armed robbery, malicious shooting and wounding, and two counts of illegal sale of narcotics. He received a fifteen year sentence.
 
 
 3
 Sullivan claimed that his guilty plea was invalid because he was not informed that he had the right not to testify against himself, he was not informed of his right to call and confront witnesses against him, and of the right to appeal his conviction.
 
 
 4
 After reviewing the answer and Sullivan's replies, the district court dismissed the petition as a successive petition and, alternatively, found that Sullivan's claim that his guilty plea was involuntary was meritless.
 
 
 5
 On appeal, Sullivan argues that his petition was not successive and that his guilty plea was involuntary.
 
 
 6
 Upon consideration, we conclude that the district court properly dismissed this petition as a successive petition because the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the subsequent application. See 28 U.S.C. § 2244(a) & (b); Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 7
 On June 19, 1985, the district court granted, in part, a previous petition for writ of habeas corpus. The court ruled that a 1971 conviction following Sullivan's guilty plea was invalid and was therefore improperly used as one of two prior convictions to enhance his sentence imposed in 1980 following Sullivan's plea of guilty to a burglary charge. The court's order was affirmed by the Sixth Circuit. Sullivan claims that this petition is not a successive petition because the district court and Sixth Circuit's prior rulings addressed the validity of his 1971 conviction and not his 1974 conviction. It appears that Sullivan either withheld the 1974 conviction as one of his grounds in the first petition, or he deliberately abandoned it. As a result, Sullivan is deemed to have waived his right to a hearing on this petition. See Sanders, 373 U.S. at 18. In addition, Sullivan has not supplemented his constitutional claim with a colorable showing of factual innocence so as to justify the court entertaining his petition. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 8
 For these reasons, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.