899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby Joe JEWELL, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 89-5850.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr., and NATHANIEL R. JONES, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bobby Joe Jewell, a pro se Kentucky prisoner, appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Jewell pleaded guilty to burglary and murder. He received a twenty year term on the burglary conviction and a twenty-one year term on the murder conviction. The sentences were to run consecutively.
 
 
 4
 After two unsuccessful collateral attacks on his conviction pursuant to Ky.R.Crim.P. 11.42, Jewell filed his petition for habeas relief on February 8, 1989. In support of his request for that relief, he alleged a breach of a plea agreement, double jeopardy, and ineffective assistance of counsel. Based upon a magistrate's report and recommendation, however, the district court dismissed the petition. The court observed that Jewell had previously filed a habeas petition raising the same grounds for relief which had been denied on the merits by the district court and affirmed by this court under the "cause and prejudice" doctrine of Wainwright v. Sykes, 433 U.S. 72 (1977). Accordingly, the district court determined that the petition for habeas relief then before it was successive in nature and subject to dismissal pursuant to Rule 9(b), Rules Governing Cases Under Section 2254. After entry of an order to that effect, Jewell filed this appeal.
 
 
 5
 Upon consideration, we conclude that the district court properly dismissed this petition as a successive petition because the same grounds presented in the current application were determined adversely to Jewell in the prior application, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the current application. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). The petition under consideration in this appeal falls within the scope of Rule 9(b), Rules Governing Cases Under Section 2254, as Jewell's earlier petition for habeas relief was adjudicated on the merits. Contrary to Jewell's claim, this court did reach the merits of the issues presented by Jewell in the prior application when we concluded that Jewell failed to establish "cause and prejudice" for failing to present the issues to the proper state courts. Consequently, the petition for habeas relief is a successive petition and the district court did not err in relying on Rule 9(b), Rules Governing Cases Under Section 2254, as the basis of its order of dismissal.
 
 
 6
 Accordingly, the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation