925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MARTIN, Petitioner-Appellant,
v.
Phillip PARKER, Warden, Respondent-Appellee.
 No. 90-3746.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1991.
 
 Before MERRITT, Chief Judge, and RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, a pro se Ohio prisoner, appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, he makes a request to strike the respondent's joint appendix "due to Federal Appellate Rule violations and extreme prejudice to appellant" and requests the appointment of counsel.
 
 
 3
 In 1973, petitioner was convicted by a Sandusky County, Ohio, jury of second degree murder and was sentenced to a fifteen year to life term of imprisonment. Petitioner was granted parole on December 22, 1982. On October 21, 1985, petitioner was declared a parole violator after an on-site hearing was conducted in the Wayne County Jail. A formal parole revocation hearing was then held on December 3, 1985, continued to February 5, 1986, and again continued to and completed on March 5, 1986. Throughout the revocation proceedings, petitioner was continually represented by counsel. The hearing resulted in petitioner's parole being revoked to October, 1990.
 
 
 4
 After two federal habeas corpus petitions, two state habeas corpus petitions, one state petition for a writ of mandamus and several appeals, petitioner filed a third petition for a writ of habeas corpus in the District Court for the Northern District of Ohio. In support of his request for that relief, he maintained that the polygraph evidence used against him during the revocation of his parole proceedings was illegally secured in that the polygraph examination was conducted while petitioner was held in custody, in isolation and incommunicado.
 
 
 5
 A magistrate recommended that the petition be dismissed as an abuse of the writ pursuant to Rule 9(b), Rules Governing Cases Under Section 2254. The magistrate noted that petitioner's counsel objected to the admission of the polygraph evidence at the parole revocation hearing. Despite petitioner's timely objections, the district court adopted the magistrate's report and recommendation and entered a judgment dismissing the petition pursuant to Rule 9(b), Rules Governing Cases Under Section 2254. Upon consideration, we conclude that the district court was within its discretion in dismissing the petition.
 
 
 6
 The dismissal of the petition as an abuse of the writ was proper. Generally, dismissals pursuant to Rule 9(b) will be reviewed only for abuse of discretion. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Insofar as petitioner's claim alleges a new ground for habeas relief, petitioner offers no justifiable excuse for his failure to assert the claim in his prior petition. See Jones v. Estelle, 722 F.2d 159, 164-65 (5th Cir.1983), cert. denied, 466 U.S. 976 (1984). Petitioner's contention that he was not aware that there was an issue relating to the voluntariness of the consent or waiver of his Miranda rights in connection with the "illegally procured polygraph evidence" is refuted by the record. In fact, petitioner readily admits that while fully represented by counsel at his parole revocation hearing, his counsel objected to the admission of the polygraph evidence but was overruled. Under these circumstances, we conclude the district court properly dismissed the petition.
 
 
 7
 Therefore, the requests to strike the joint appendix and for counsel are denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.