930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth JOHNSON, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 90-4056.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Petitioner, Kenneth Johnson, appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, petitioner requests the appointment of counsel.
 Petitioner was convicted by a Summit County, Ohio, jury of carrying a concealed weapon with a prior conviction specification, possessing a weapon while under a disability with a prior conviction specification, and felonious assault with a prior conviction and firearm specification. Petitioner was sentenced to four to ten years imprisonment for carrying a concealed weapon; three years mandatory imprisonment for possessing a firearm; twelve to fifteen years imprisonment for felonious assault; and, three to five years imprisonment for having a weapon while under disability. The judgments were affirmed by the Ninth Judicial District Court of Appeals of Ohio on December 18, 1985. His motion for leave to appeal was denied by the Ohio Supreme Court on July 9, 1986.
 After two federal habeas corpus petitions, petitioner filed a third petition for a writ of habeas corpus in the District Court for the Northern District of Ohio. In support of his request for that relief, petitioner raised two grounds:
 1) Petitioner was denied the effective assistance of counsel at trial by counsel's failure to request instructions on self defense and accident, or to object to the court's failure to give such instructions where evidence of self defense and accident was presented at trial, and counsel's closing arguments presented these theories to the jury; and,
 2) Petitioner was denied his sixth amendment right to the effective assistance of appellate counsel by appellate counsel's failure to advance significant and obvious constitutional errors on appeal where such errors may clearly have resulted in reversal of the convictions, and/or a new trial.
 The district court sua sponte dismissed petitioner's third petition under the authority of the prohibition of Rule 9(b), Rules Governing Section 2254 Cases, against abuse of the writ. This appeal followed.
 Upon consideration, we conclude that the district court was within its discretion in dismissing the habeas petition. Generally, dismissals pursuant to Rule 9(b) will be reviewed only for abuse of discretion. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). In deciding whether there has been an abuse of the writ, the court should determine whether a habeas petitioner withheld or failed to raise a claim in a prior habeas petition "without legal excuse." See Jones v. Estelle, 722 F.2d 159, 163 (5th Cir.1983), cert. denied, 466 U.S. 976 (1984). Sufficient legal excuse exists if the petitioner demonstrates, by a preponderance of the evidence, that (1) new facts have arisen which were not reasonably ascertainable at the time of the prior petition, or (2) the law has changed in some substantive manner in the interim. Id. at 169.
 Dismissal of the petition as an abuse of the writ with respect to part of petitioner's first ground (i.e., regarding the instruction on self defense) was proper as this same ground was determined adversely to petitioner in his first petition for a writ of habeas corpus, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the subsequent petition. See Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 1
 Dismissal of the petition as an abuse of the writ with respect to that part of petitioner's first ground dealing with the instruction on accident and all of the second ground was proper as these newly raised grounds should have been raised in petitioner's first habeas petition. Petitioner has offered no justifiable excuse for omitting the new claims from his first habeas petition. Petitioner's assertion that he was unaware of the new grounds raised in his third petition when he filed his first petition is an insufficient excuse. Consequently, the district court's conclusion that petitioner failed to demonstrate that he has not abused the writ was not an abuse of discretion.
 
 
 2
 Accordingly, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation