947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie J. LLOYD, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 91-1739.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Eddie J. Lloyd, a pro se Michigan prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, a jury convicted Lloyd of first degree murder. The trial court sentenced him to mandatory life imprisonment on May 21, 1985. The Michigan Court of Appeals affirmed his conviction on July 16, 1987 after rejecting two grounds for relief: (1) the trial court erred in admitting Lloyd's confession into evidence, and (2) the trial court abused its discretion by refusing to suppress evidence of two prior convictions. The Michigan Supreme Court denied Lloyd's request for review under MCR 7.303 and his delayed application for appeal, which raised the same two issues plus twenty-one others. Lloyd then filed a federal habeas petition which was dismissed on January 31, 1989.
 
 
 3
 In his present habeas petition, Lloyd raised three grounds for relief: (1) the trial court erred in admitting his confession into evidence, (2) the trial court abused its discretion and its ruling was clearly erroneous when it found that his incriminating statement was voluntary, and (3) the trial court abused its discretion by refusing to suppress evidence of his prior convictions for armed robbery and larceny in a building.
 
 
 4
 A magistrate judge issued a report on April 29, 1991, which recommended that Lloyd's petition be denied. The magistrate judge found that the court's ruling on the first ground of his prior habeas petition, which was almost identical to the second ground of his present petition and is "intertwined" with the first ground of his present petition, was controlling and required denial of those two grounds. The magistrate judge then found that Lloyd's third ground for relief was presented to the state courts as a matter of state law only and, in any event, did not constitute a violation of federal constitutional rights. Finally, the magistrate judge found that Lloyd's present petition constituted an abuse of the writ because he presented, or could have presented, his claims in his first habeas petition.
 
 
 5
 Lloyd filed objections to the magistrate judge's report in which he asserted, inter alia, that his first habeas petition was dismissed for lack of exhaustion rather than on the merits, and so could not control the disposition of his present "amended" petition. The district court, after reviewing the record and Lloyd's objections, adopted the magistrate judge's report as the opinion of the court and dismissed Lloyd's petition.
 
 
 6
 On appeal, Lloyd argues that the district court erred in not considering the merits of his grounds for relief, in not resolving a factual dispute raised in supplemental pleadings, and in not giving his "colorable claims of innocence" the consideration due them. He has filed a motion for the appointment of counsel.
 
 
 7
 Upon review, we affirm the district court's judgment in part and vacate in part because Lloyd's first habeas petition was dismissed as a mixed petition, and not on the merits. Therefore, it cannot be used either to deny Lloyd's first two grounds for relief or to support a dismissal for abuse of the writ.
 
 
 8
 Contrary to the magistrate judge's belief, Lloyd's first habeas petition was dismissed, not on the merits, but because it was mixed with exhausted and unexhausted claims. Controlling weight may only be given to the denial of a prior habeas petition if, among other factors, the prior determination was on the merits. Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987) ( citing Sanders v. United States, 373 U.S. 1, 15 (1963)). Because the denial of Lloyd's prior habeas petition was not on the merits, this case must be remanded for the district court to consider the merits of his first two grounds for relief.
 
 
 9
 The alternate basis relied upon for denial of all three of Lloyd's claims, abuse of the writ, fails for two reasons. First, the government did not plead abuse of the writ as required. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Second, dismissal of the first petition was not on the merits. See 28 U.S.C. § 2254, Rule 9(b); McCleskey, 111 S.Ct. at 1466-67. Consequently, this petition may not be dismissed as an abuse of the writ.
 
 
 10
 However, the district court's denial of Lloyd's third ground for relief is affirmed because this ground was considered and rejected on the merits. The district court correctly found that the trial court's decision to allow evidence of two prior felony convictions for the purpose of impeachment did not warrant habeas relief. An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). While the trial court's ruling may have influenced Lloyd's decision not to testify, that decision remained his. Thus, Lloyd's constitutional right to testify on his own behalf was not violated.
 
 
 11
 Accordingly, the motion for the appointment of counsel is denied. The district court's order is affirmed insofar as it denies Lloyd's ground for relief concerning the admission of prior felony convictions. The district court's order is vacated insofar as it denies Lloyd's first and second grounds for relief and the case is remanded to the district court for consideration of these grounds on the merits. Rule 9(b)(3), Rules of the Sixth Circuit.