954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Creamus Paxton HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2000.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He has filed a motion for appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Creamus Howard pleaded guilty to one count of making false statements to a government agency and aiding and abetting. 18 U.S.C. §§ 2, 1001. He was sentenced to serve three years imprisonment and ordered to pay a fine of $4,500, restitution of $10,445.35 and a special assessment of $50. He filed a notice of appeal from the sentence, but the appeal was subsequently dismissed on petitioner's own motion. United States v. Howard, No. 89-1800 (6th Cir. Oct. 18, 1989) (unpublished order).
 
 
 3
 Howard next filed a motion to vacate sentence which was denied by the district court. The district court's order was affirmed on appeal. Howard v. United States, No. 90-2244 (6th Cir. April 12, 1991) (unpublished order).
 
 
 4
 On June 6, 1991, Howard filed a second motion to vacate sentence which is the subject of the present appeal. He claimed that the fine and restitution orders were illegal, that he was denied effective assistance of counsel, and that his guilty plea was not knowing or voluntary. The district court entered an order dismissing the motion to vacate. Howard's motion for rehearing was also denied.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion to vacate. Review of the record supports the district court's determination that Howard was not entitled to relief. His current arguments are essentially the same as those already presented. Underlying his allegations of an illegal sentence, ineffective assistance of counsel and an invalid plea is his contention that the order to pay a fine and restitution is unfair. The district court may dismiss a second or successive motion which fails to present new and different grounds for relief where the prior determination was on the merits and the ends of justice will not be served by reconsideration. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Moreover, a motion based on the same ground will be found successive although it includes different factual allegations. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 6
 Accordingly, the motion for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.