960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald E. LEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6211.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald E. Lee, a pro se federal prisoner, appeals a district court order which denied his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, petitioner pleaded guilty to interstate transportation of a female for prostitution in violation of 18 U.S.C. § 2421, and interstate transportation to promote unlawful activity, to wit: bribery of a police officer, in violation of 18 U.S.C. § 1952(a)(3). Petitioner was sentenced to three concurrent five year prison terms and a five year term of probation to be served consecutively. Lee was originally convicted and sentenced in Tennessee but his case was later transferred to Illinois. Petitioner is presently held in custody pursuant to an order of the United States District Court for the Southern District of Illinois entered January 5, 1989, revoking his probation and sentencing him to a term of three years imprisonment.
 
 
 3
 In 1983, Lee filed a Rule 35 motion for the reduction of sentence which was denied by the district court; this court affirmed the decision on appeal. Lee filed a prior § 2255 motion alleging that his guilty plea was coerced and involuntarily made, his probation was imposed illegally, the trial judge was biased, and his counsel's representation was ineffective. The district court denied his motion on the merits, and this court affirmed that judgment.
 
 
 4
 In his current § 2255 motion, Lee alleged that his present incarceration is a breach of the plea agreement, that his term of probation was transferred illegally and that his counsel's representation was ineffective. The district court denied his motion and dismissed the case.
 
 
 5
 On appeal, Lee continues to argue the merits of his case. He requests leave to proceed as a pauper and the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment. Lee's ineffective assistance of counsel claim renders his § 2255 motion successive and an abuse of the writ as this same claim was previously considered and rejected on the merits when raised in Lee's previous § 2255 motion. Rule 9(b) of the Rules Governing § 2255 Proceedings; see Sanders v. United States, 373 U.S. 1, 5 (1963); see also Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 7
 In his current § 2255 motion, Lee alleged that his present incarceration is a breach of the plea agreement and that his probation was imposed illegally. Lee provides no reason for his failure to include these two grounds for relief in his prior § 2255 motion. His failure to include these grounds in his prior § 2255 motion constitutes an abuse of the writ under Rule 9(b) of the Rules Governing § 2255 Proceedings. Cf. McCleskey v. Zant, 111 S.Ct. 1454, 1466-67 (1991).
 
 
 8
 Lee's motion is also denied for those reasons clearly set forth in the district court's opinion and order filed August 7, 1991.
 
 
 9
 Accordingly, Lee's request to proceed as a pauper is granted, his request for counsel is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.