966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry KNUCKLES, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 92-5018.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 ORDER
 Larry Knuckles, a Kentucky state prisoner, moves for the appointment of counsel on appeal from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Knuckles entered guilty pleas in 1983 to charges of criminal conspiracy, first-degree robbery, and murder and was sentenced to a total of sixty years imprisonment. He petitioned for federal habeas relief in 1986, arguing, among other claims, that his plea was involuntary because the plea agreement had been violated. His petition was denied by the district court, and we affirmed that decision. In 1991, he filed this petition arguing that his plea was involuntary because it lacked a factual basis and the elements of the charges had not been explained to him. The respondent conceded that Knuckles had exhausted his state remedies but moved that the petition be dismissed as successive and as an abuse of the writ. The magistrate judge recommended that the petition be dismissed, stating that Knuckles should have raised these claims in his first petition. The district court adopted the recommendation to dismiss the petition, stating that Knuckles was raising the same ground as in the previous petition but was supporting it with a different argument. A motion for reconsideration was denied, and a certificate of probable cause for appeal was granted. Knuckles now argues that he is raising a new ground for relief, that he can show cause and prejudice for failing to raise this ground in his first petition, and that the ends of justice require that his petition be considered.
 
 
 1
 Upon consideration, it is concluded that this petition was properly dismissed as successive pursuant to Rule 9(b), Rules Governing § 2254 Cases in the U.S. District Courts. Knuckles is raising the same ground of involuntary plea as was previously rejected on the merits. See Sanders v. United States, 373 U.S. 1, 15 (1963). The same ground may be found to have been raised although it is based on different facts and arguments. Lonberger v. Marshall, 808 F.2d 1169, 1173-74 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 2
 Moreover, even if it were determined that Knuckles is raising a new ground for relief, the petition would be properly dismissed under Rule 9(b) as an abuse of the writ. Contrary to his argument, he has not shown cause or prejudice to excuse his failure to raise this claim in the prior petition. Nor do we accept his argument that he has established a colorable showing of factual innocence. See McCleskey v. Zant, 111 S.Ct. 1454, 1467, 1470-71 (1991).
 
 
 3
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.