966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kim Venard CALLOWAY, Petitioner-Appellant,
v.
Stephen T. SMITH, Respondent-Appellee.
 No. 92-5086.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Kim Venard Calloway is a pro se Kentucky prisoner who appeals the district court's judgment dismissing his habeas corpus petition. Cf. 28 U.S.C. § 2254. Calloway's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Calloway was convicted of various drug-related charges and of being a persistent felony offender in the second degree. He alleges 1) that he was denied his right to confront a confidential informant, 2) that he was not allowed to present evidence regarding the informant's criminal record, 3) that the prosecution failed to make a good faith effort to produce the informant, 4) that he was denied effective assistance of counsel when his attorney failed to subpoena the informant, and 5) that the prosecution misidentified the informant. The district court granted the respondent's motion to dismiss the petition on January 9, 1992. It is from this judgment that Calloway now appeals. His brief on appeal contains a request for counsel.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion by dismissing Calloway's petition because it was successive and an abuse of the writ in light of a similar petition that he had filed in 1989.
 
 
 4
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 5
 Rule 9(b), Rules Governing Section 2254 Cases. Calloway's first three claims are successive because they were considered on the merits pursuant to an earlier petition. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Calloway's last two claims were properly dismissed as an abuse of the writ because he has not shown cause or prejudice regarding his failure to raise them in his first petition. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Moreover, Calloway has not shown that the alleged errors resulted in a fundamental miscarriage of justice.
 
 
 6
 Accordingly, Calloway's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.