980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evan H. CALLANAN, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1508.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1992.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Evan H. Callanan, Sr., a federal prisoner represented by counsel, appeals a district court judgment dismissing his second motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After a jury trial, Callanan (who was then a Michigan state court judge) was convicted in federal court of mail fraud, of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO) and of substantive RICO violations. The charges stem from Callanan's participation in a scheme to fix his court cases for bribes ranging from one hundred dollars to six thousand dollars. After being found guilty, Callanan was sentenced to five years in prison on the mail fraud count and ten years on the RICO and RICO conspiracy counts, the sentences to be served concurrently.
 
 
 4
 On direct appeal, this court affirmed Callanan's RICO convictions, see United States v. Qaoud, 777 F.2d 1105 (6th Cir.1985), cert. denied, 475 U.S. 1098 (1986), and then affirmed Callanan's sentences imposed on the RICO convictions. United States v. Callanan, 810 F.2d 544 (6th Cir.), cert. denied, 484 U.S. 832 (1987). Callanan then filed a § 2255 motion to vacate his sentence which was denied by the district court. On appeal, this court vacated Callanan's mail fraud conviction, but did not disturb both his RICO convictions. See Callanan v. United States, 881 F.2d 229, 236 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990).
 
 
 5
 In his second § 2255 motion to vacate his sentence, Callanan argued that, based on the Supreme Court's decision in H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989), the jury instructions given at his trial regarding the "pattern of racketeering" requirement under 18 U.S.C. § 1961(5) (1976) were inadequate. He further argued that these jury instructions undermined his convictions on the two RICO charges. The district court denied Callanan's second § 2255 motion, indicating that the Sixth Circuit had already considered the H.J. Inc. case on the issue of "pattern of racketeering" at the time it denied Callanan's first motion to vacate, and found it did not warrant reversing Callanan's RICO convictions. See Callanan, 881 F.2d at 236.
 
 
 6
 On appeal, Callanan raises three assignments of error all of which are based on his argument that the Sixth Circuit did not consider the effect of the H.J. Inc. case with regard to his claim that the trial court gave inadequate jury instructions regarding the "pattern of racketeering" requirement. Both parties have filed briefs.
 
 
 7
 Upon review, we affirm the district court's judgment. Callanan's inadequate jury instruction claim renders his § 2255 motion successive and an abuse of the writ. This court already considered the H.J. Inc. case regarding the definition of a pattern of racketeering and concluded it did not warrant reversing Callanan's convictions. See Callanan, 881 F.2d at 236. This court is not required to entertain a successive § 2255 motion on grounds previously raised and heard. Rule 9(b) of the Rules Governing § 2255 Proceedings; see Sanders v. United States, 373 U.S. 1, 15 (1963); see also Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 8
 Even if Callanan could successfully argue that this court never considered his inadequate jury instruction claim, his current § 2255 motion would nonetheless constitute an abuse of the writ due to Callanan's failure to raise this claim in his prior § 2255 motion. Cf. McCleskey v. Zant, 111 S.Ct. 1454, 1466-67 (1991). Callanan does not provide any reason which adequately explains cause for his failure to raise this claim in his prior § 2255 motion, or prejudice resulting therefrom. Id. at 1470-71.
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation