983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carnell BATES; Darnell K. Bates, Petitioners-Appellants,
v.
Pamela K. WITHROW, Warden, Respondent-Appellee.
 No. 92-1487.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Carnell and Darnell K. Bates, twin brothers, appeal the dismissal of their petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the City of Detroit, Michigan, Recorder's Court in September 1985, petitioners were convicted of first-degree murder and of use of a firearm in the commission of a felony. Petitioners' convictions were affirmed by the Michigan Court of Appeals on direct appeal and the Michigan Supreme Court denied leave to appeal. Thereafter, petitioners filed an initial joint habeas petition in the district court, alleging claims unrelated to the instant case. The district court denied the petition and this court denied petitioners a certificate of probable cause to appeal.
 
 
 3
 While their initial § 2254 action was pending, petitioners sought post-conviction relief in the state trial court. As grounds for relief, petitioners alleged that trial counsel (petitioners' uncle) failed to communicate a plea bargain offer made to them by the prosecutor. The trial court denied petitioners post-conviction relief following an evidentiary hearing and the Michigan Court of Appeals affirmed the judgment on appeal. The Michigan Supreme Court denied leave to appeal.
 
 
 4
 Next, petitioners filed the instant joint petition for habeas relief in the district court, again alleging ineffective assistance of counsel. The district court concluded that petitioners abused the writ and dismissed the petition without prejudice. The district court issued a certificate of probable cause to appeal.
 
 
 5
 Generally, dismissal of a habeas petition as an abuse of the writ will be reviewed for abuse of discretion. Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). A petition for habeas corpus relief may be dismissed as an abuse of the writ where a petitioner had an earlier opportunity to raise a claim and either deliberately abandoned the claim or failed to raise the claim through inexcusable neglect. McCleskey v. Zant, 111 S.Ct. 1454, 1467-68 (1991). A petitioner then must show cause for his failure to raise a claim omitted from an earlier petition through inexcusable neglect and must show prejudice therefrom. Id. at 1468-70. To establish cause for his failure, petitioner must show an external impediment, e.g., "government interference or the reasonable unavailability of the factual basis for the claim." Id. at 1472.
 
 
 6
 Upon consideration, we conclude that the district court did not abuse its discretion in dismissing the instant petition as an abuse of the writ for the reasons stated in the magistrate judge's report and recommendation filed March 9, 1992, and accepted by the district court by its order filed March 31, 1992. The facts underlying the ineffective assistance of counsel claim were available to the petitioners immediately after trial. The issue therefore should have been raised in the first petition.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.