996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Lee WORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5183.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry Lee Word, a pro se federal prisoner, appeals a district court judgment dismissing his fourth motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Word was convicted by a jury of forty-five counts of violating drug laws by selling prescriptions of controlled substances. He received a twenty-five year sentence. This court upheld Word's conviction on appeal. See United States v. Word, 806 F.2d 658 (6th Cir.1986), cert. denied, 480 U.S. 922 (1987).
 
 
 3
 In his current motion to vacate sentence, Word essentially raised the same claims that he raised in at least two of his three prior motions to vacate sentence. In all three of Word's prior § 2255 motions, the district court denied relief and this court affirmed those judgments.
 
 
 4
 In his current § 2255 motion, Word alleged that the government improperly suppressed evidence concerning whether John Monroe acted as an informant and testified before a grand jury in 1984. He also alleged that he received ineffective assistance of counsel in preparing his first motion to vacate sentence.
 
 
 5
 The district court denied Word's motion as wholly lacking in merit. In his timely appeal, Word continues to argue the merits of his case. Both parties have filed briefs.
 
 
 6
 Upon review, we conclude that the district court properly denied Word's fourth § 2255 motion. Word's motion is successive because the same two claims which he raised in his current § 2255 motion were previously considered and rejected on the merits when raised in at least two of Word's prior § 2255 motions. This court is not required to entertain a successive § 2255 motion on grounds previously raised and heard. See Sanders v. United States, 373 U.S. 1, 15 (1963); see also Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Petitioner has not supplemented his constitutional claim with a colorable showing of factual innocence, and hence an exception to this rule is not warranted. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Thus, his § 2255 motion was properly denied.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.