989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Franklin LAMB, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 92-6257.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1993.
 
 1
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 Paul Franklin Lamb, a pro se Kentucky state prisoner, appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lamb was convicted of voluntary manslaughter following a jury trial and was sentenced to twenty-one years imprisonment. He has challenged his conviction on numerous occasions in both the state and federal courts. His first federal habeas petition was dismissed for failing to exhaust state remedies. His second federal habeas petition was denied after the district court determined that his claim of knowing use of perjured testimony was procedurally barred and his claim of ineffective assistance of counsel was meritless. In the instant petition, Lamb argued that his attorney had acted under a conflict of interest because Lamb is a white man convicted of killing a black man and his attorney was allegedly a member of and attorney for the NAACP. The district court determined that Lamb was raising the same ineffective assistance claim that had previously been rejected, and dismissed this petition as successive.
 
 
 4
 Upon review, it is concluded that this petition was properly dismissed under Rule 9(b), Rules Governing Section 2254 Proceedings. A petition may be dismissed as successive where the same ground is presented that was previously rejected on the merits, and the ends of justice do not require that it be addressed again. Sanders v. United States, 373 U.S. 1, 15 (1963). The same ground is presented if the same issue is raised even though it is based on different facts or arguments. Lonberger v. Marshall, 808 F.2d 1169, 1173-74 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). The addition of the allegation that counsel operated under a conflict of interest does not change the underlying claim of ineffectiveness that was previously found meritless.
 
 
 5
 Even if Lamb's argument that this is a new ground were accepted, the petition would have properly been dismissed as an abuse of the writ, because Lamb did not establish cause for his failure to raise the claim in any of his previous petitions, such as a change in the law or the discovery of previously unknown facts. See McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). Lamb has only alleged in a conclusory fashion that this claim was unknown to him at the time of filing his previous petitions. He has not explained what information he now possesses that he was unaware of before. Such an unexplained revelation is insufficient to establish cause to excuse the abuse of the writ.
 
 
 6
 Accordingly, the dismissal of this petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation