991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lee SAMMONS, Petitioner-Appellant,
v.
UNITED STATES of America; Ron Burkhart, Warden,
Respondents-Appellees.
 Nos. 92-6325, 92-6365.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Lee Sammons, a pro se federal prisoner, appeals two district court orders denying his motions to vacate his sentence pursuant to 28 U.S.C. § 2255. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, following a federal bench trial in Tennessee, Sammons was convicted on multiple drug charges. In his direct appeal, Sammons raised ten grounds for relief. This court rejected Sammons's arguments and affirmed the conviction. See United States v. Sammons, 918 F.2d 592 (6th Cir.1990).
 
 
 3
 In 1990, Sammons filed a motion to reduce his sentence pursuant to Fed.R.Civ.P. 35(b) and a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motions, Sammons raised six grounds for relief. The motions were denied and this court affirmed. Sammons v. United States, No. 91-6079 (6th Cir. May 19, 1992).
 
 
 4
 In 1991, Sammons filed a motion to vacate his sentence in the United States District Court for the Eastern District of Tennessee (Case No. 92-6325). In 1992, Sammons filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Case No. 92-6365) in the United States District Court for Northern District of Texas. The Texas court construed the § 2241 petition as a motion to vacate under § 2255 because Sammons was not attacking the condition or duration of his confinement but was challenging the legality of his conviction. The Texas court transferred the case to the Eastern District of Tennessee.
 
 
 5
 Upon review, we conclude that Sammons has failed to establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Sammons's § 2255 motions are successive because the issues which he raises have previously been addressed by this court. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Furthermore, Sammons has not established a colorable showing of factual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 7
 Accordingly, we grant leave to proceed in forma pauperis for the purpose of this appeal only, deny the remaining requests for relief, and affirm the district court's orders. Rule 9(b)(3), Rules of the Sixth Circuit.