12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin BLACK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5670.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Calvin Black, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1989, a jury convicted Black of possessing cocaine with the intent to distribute for which he received a sentence of one hundred and twenty months' imprisonment. The conviction was affirmed on appeal. See United States v. Levy, 904 F.2d 1026 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 4
 Black then filed his first motion to vacate his sentence under Sec. 2255 contending that his conviction should be set aside because the evidence of his arrest and the seizure of cocaine should have been suppressed; that his counsel was ineffective for failing to have that evidence suppressed and for failing to appeal the suppression hearing issues; and that the prosecutor's closing argument violated his right to a fair trial. The district court denied the motion and this court affirmed. Black v. United States, No. 92-5277, 1992 U.S.App. LEXIS 20117, at * 2 (6th Cir. Aug. 18, 1992).
 
 
 5
 Black then filed his current motion to vacate contending that the cocaine should not have been admitted into evidence because the government had failed to establish a reliable chain of custody. The district court denied the motion as meritless.
 
 
 6
 In his timely appeal, Black continues to argue the evidentiary issue. He also raises for the first time an ineffective assistance of counsel claim. He requests the appointment of counsel and oral argument.
 
 
 7
 Upon review, we conclude that Black has failed to establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Black's motion regarding the chain of custody does not meet the standard for Sec. 2255 relief and his Fourth Amendment claim is successive because the issues which he raises have previously been addressed by the district court and this court. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir), cert. denied, 481 U.S. 1055 (1987). Furthermore, Black has not established a colorable showing of factual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Black's ineffective assistance of counsel claim was not first presented to the district court and, therefore, is not reviewable on appeal. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation