12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William LANE, Petitioner-Appellant,
v.
John LITTLEFIELD, Warden, Respondent-Appellee.
 No. 93-3546.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 S.D.Ohio, No. 92-00992; George C. Smith, J.
 
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before: MARTIN and RYAN, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 3
 William Lane, an Ohio pro se prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In 1987, a jury found Lane guilty of voluntary manslaughter with a firearm specification and he was sentenced to consecutive terms of three years of actual incarceration on the specification charge and five to twenty-five years of actual incarceration on the manslaughter charge.
 
 
 5
 He appealed his conviction, raising seven assignments of error, which were denied by the Ohio Court of Appeals. He unsuccessfully sought leave to appeal to the Ohio Supreme Court. He then filed his current habeas corpus petition asserting the same seven grounds for relief that he raised before the Ohio Court of Appeals. He alleged:
 
 
 6
 1) The trial court erred in overruling his motion to dismiss the indictment.
 
 
 7
 2) The trial court erred to the prejudice of Lane when it overruled his motion to read a specific jury instruction pertaining to a deadlocked jury.
 
 
 8
 3) The trial court erred in denying Lane the use of a police report.
 
 
 9
 4) The trial court erred by not declaring a mistrial when it discovered that the prosecution did not disclose evidence which was favorable to Lane's case.
 
 
 10
 5) The trial court erred when it instructed the jury, after deliberations had commenced, that punishment was not to be considered by the jury in reaching a verdict.
 
 
 11
 6) The trial court erred when it continued to refer to retained counsel throughout the trial when Lane was proceeding pro se.
 
 
 12
 7) The trial court erred to the prejudice of Lane by permitting jury selection from an all white jury.
 
 
 13
 The district court carefully considered all of Lane's claims and found that Lane had either waived his right to present his claims on appeal or that his claims were without merit. On appeal, Lane continues to argue the merits of his case. He requests oral argument.
 
 
 14
 Upon review, we conclude that the district court properly dismissed Lane's habeas petition for the reasons well stated by it in its opinion and order of May 4, 1993. Lane has simply not established that he was denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 15
 Accordingly, we deny Lane's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation