85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William LANE, Petitioner-Appellant,
v.
John LITTLEFIELD, Warden, Respondent-Appellee.
 No. 95-3882.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 William Lane, an Ohio state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lane was convicted following a jury trial of voluntary manslaughter with a firearm specification. He was sentenced to five to twenty-five years of imprisonment and a consecutive three year term for the firearm specification. After pursuing state court remedies, Lane filed a petition for federal habeas corpus relief raising seven issues. That petition was denied by the district court, and that result was affirmed by this court. Lane v. Littlefield, No. 93-3546, 1993 WL 483492 (6th Cir. Nov. 23, 1993). Subsequently, Lane filed this habeas corpus petition and an amendment to the petition, raising three grounds for relief. The respondent moved to dismiss pursuant to Rule 9, Rules Governing Habeas Corpus Cases Under Section 2254. The district court examined the claims on their merits and denied relief. This appeal followed.
 
 
 3
 Upon review, we conclude that the petition was properly dismissed. Lane's claim that he was denied due process when his jury was selected from an all white jury pool is successive, as it was raised in his earlier habeas corpus petition and decided adversely to him on the merits. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Moreover, the ends of justice would not be served by reconsidering this claim, as it lacks merit. Lane did not show that the absence of blacks from the jury pool was due to their systematic exclusion. See Ford v. Seabold, 841 F.2d 677, 685 (6th Cir.), cert. denied, 488 U.S. 928 (1988). Lane's derivative argument that his appellate counsel was ineffective in failing to raise this issue before the Ohio Supreme Court is therefore also meritless.
 
 
 4
 Finally, Lane's claim that he was denied due process when the Ohio Court of Appeals did not correct a factual misstatement in its opinion until after the Ohio Supreme Court had denied his appeal is an abuse of the writ, and need not be considered unless cause and prejudice are shown or a miscarriage of justice would result. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). Lane cannot establish prejudice or a miscarriage of justice in this case, because the factual misstatement did not change the legal analysis which showed that he was not denied a fundamentally fair trial.
 
 
 5
 For all of the above reasons, the district court's judgment denying this petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.