23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Preston Andre TRAYLOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6336.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: MILBURN and GUY Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Preston Andre Traylor pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and was sentenced to a ninety month term of imprisonment. There is no indication that Traylor took a direct appeal from this conviction. Instead, the record reflects Preston first mounted a challenge to this conviction in an unsuccessful Sec. 2255 motion to vacate sentence, the denial of which was affirmed by another panel of this court. Traylor v. United States, No. 91-5350 (6th Cir. July 31, 1991), cert. denied, 112 S.Ct. 1236 (1992).
 
 
 3
 In 1993, Traylor filed a second motion to vacate. The district court ultimately denied the motion. Traylor then filed a motion to reconsider and a notice of appeal. This appeal, docketed as case No. 93-6157, was later dismissed as premature. Traylor v. United States, No. 93-6157 (6th Cir. Nov. 22, 1993). The present case stems from Traylor's second notice of appeal following the district court's denial of the motion to reconsider. The parties have briefed the issues; Traylor is proceeding without benefit of counsel.
 
 
 4
 Traylor raised two grounds for relief in his Sec. 2255 motion. The district court found the first ground to be frivolous and the second to be barred by the doctrine of successive claims. A review of the record and law supports the district court's decision and does not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Traylor's previous Sec. 2255 challenge to his conviction included a claim of ineffective assistance of trial counsel that encompassed several specific examples of alleged substandard representation. The prior Sixth Circuit panel clearly considered and rejected these contentions in toto. In the motion currently before the court, Traylor raises similar claims of ineffective assistance of counsel as well as an argument that the provisions of the Federal Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. Secs. 301-92, somehow precluded his prosecution for cocaine possession under 21 U.S.C. Sec. 841(a)(1) as he was not registered under the FDCA.
 
 
 6
 The district court characterized Traylor's FDCA contentions as nonsensical, and so they are. There is absolutely no persuasive authority or precedent for this position. The court properly disposed of these assertions without a hearing.
 
 
 7
 Traylor's ineffective assistance of counsel claims were also properly denied as successive without the necessity of a hearing. A petition may be dismissed as successive under Rule 9(b), Rules Governing 2254 Cases, if: 1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application; 2) the prior determination was on the merits; and 3) the ends of justice would not be served by reaching the merits of the subsequent application. 28 U.S.C. Sec. 2244(a) and (b); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). A petition may also be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 493-96 (1991). Even if a petitioner fails to show excusable neglect, a court may still review a claim if the petitioner can show cause to excuse his failure to raise the claim and resulting prejudice to his case. Id. at 489-97. Finally, the abuse may be excused if the petitioner demonstrates a colorable claim of factual innocence of the conviction under attack. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 8
 It is plain that Traylor unsuccessfully litigated the effectiveness of his trial counsel in his prior motion to vacate. The claims raised in the present action are similar or identical to these earlier claims and there is no indication that Traylor had cause for his failure to raise them earlier or that any prejudice thereby ensued. Traylor has likewise made no showing that he is factually innocent of the cocaine possession. There is thus no justification apparent which would permit consideration of these clearly successive claims. The appeal is meritless.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.