82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MOSELEY, SR., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3585
 United States Court of Appeals, Sixth Circuit.
 April 16, 1996.
 
 Before: NORRIS, SILER and GODBOLD,* Circuit Judges.
 ORDER
 William E. Moseley, Sr., appeals pro se from a district court judgment that denied his second motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.
 Moseley pleaded guilty to using a communications facility in furtherance of a drug offense, a violation of 21 U.S.C. § 843(b). On July 13, 1992, Moseley was sentenced to a term of 48 months of imprisonment and 1 year of supervised release. He did not file a direct appeal.
 In his first motion to vacate, Moseley alleged that: 1) his sentence was based on a quantity of drugs that was not attributable to him; 2) his plea lacked a factual basis because he did not admit knowledge of any drug-related activity; 3) his presentence investigation report contained unresolved issues; and 4) he was subjected to prosecutorial misconduct. The district court denied this motion on September 1, 1993, and its decision was affirmed on appeal.
 In his current motion, Moseley alleged that he was denied the effective assistance of counsel because his attorneys did not object 1) to a plea agreement insofar as it indicated that he was responsible for the full weight of the drugs that had been involved in the conspiracy; and 2) to his sentence insofar as it was based on the full weight of these drugs. On March 30, 1995, the district court denied this motion and dismissed the case as an abuse of the writ, under Rule 9(b) of the Rules Governing § 2255 Proceedings. Moseley's motion for reconsideration was denied on May 3, 1995, and he now appeals.
 The denial of Moseley's second motion under Rule 9(b) is reviewed for an abuse of discretion on appeal. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). The district court may dismiss a successive motion under Rule 9(b) for either of two reasons. The court may dismiss any claims that have been determined on the merits in a prior motion. It may also dismiss new or different claims if the movant does not show cause and prejudice that would excuse his failure to raise them in a prior motion. McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). However, the court may always reach the merits of a subsequent motion if it would serve the ends of justice to do so. Id. at 495.
 Moseley's current Sixth Amendment claims provide new and different grounds for relief that were not raised in his first motion. See Lonberger, 808 F.2d at 1173. However, the government plainly asserted that Moseley had abused the writ in its response to his second motion. Thus, the burden shifted to Moseley to show cause and prejudice that would excuse his failure to raise these claims in his prior motion. See McCleskey, 499 U.S. at 494.
 Moseley asserts that he did not raise his Sixth Amendment claims in his first § 2255 motion because he was not sure of the issues or how to present them. However, Moseley's alleged ignorance of the law does not satisfy the cause prong of the McCleskey test. See Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir.1991) (collecting cases). His failure to make a sufficient showing regarding cause independently precludes review of his second motion. See McCleskey, 499 U.S. at 502. We note, nonetheless, that Moseley was not prejudiced by his failure to raise his present claims earlier as they lack substantive merit.
 To establish ineffective assistance of counsel, Moseley must show that his attorneys' performance was deficient and that he was prejudiced by their alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Moseley first alleged that his attorneys were ineffective because they did not object to the following language in the plea agreement which indicated that he was responsible for the full weight of the drugs that had been involved in the conspiracy:
 [T]he defendant, William Moseley, Sr., used the telephone to provide information to co-conspirators during the conspiracy set forth in Count 1 of the indictment, in violation of Title 21, United States Code, Section 843(b). Since the conspiracy involved 3,125.24 grams of cocaine, and 30.35 grams of cocaine base (crack) which were distributed, or possessed with intent to distribute, by the members of the conspiracy, the guideline sentence is the statutory maximum penalty under 21 U.S.C. § 843(b), four years (48 months). The defendant and the government recommend that the court impose a sentence of four years (48 months).
 Counsel's acceptance of this language was not deficient for several reasons. First, Moseley would have been subject to a potential sentencing range of 151 to 188 months of imprisonment if he had been convicted of conspiracy as charged in the indictment. Second, it appears that one of the co-conspirators may have been prepared to testify against Moseley. Third, Moseley signed the plea agreement and indicated that he was satisfied with his attorneys' performance at that time. Finally, Moseley's underlying argument, regarding the extent of his involvement in the conspiracy, was rejected when this court affirmed the denial of his first motion to vacate. At that time, this court held as follows:
 Moseley's first claim, that his sentence was erroneously based on the quantity of drugs attributable to the drug distribution scheme, lacks merit. Under the sentencing guidelines, the offense level for a violation of 21 U.S.C. § 843(b) is that level which is applicable to the underlying offense, in this case, conspiracy to distribute cocaine and cocaine base. See U.S.S.G. § 2D1.6.
 Moseley's failure to show that counsel's performance was deficient is enough per se to defeat his first ineffective assistance of counsel claim. See Strickland, 466 U.S. at 687. Moreover, the analysis set out above shows that Moseley was not prejudiced by counsel's alleged error.
 Moseley also alleged that he was denied the effective assistance of counsel because his attorneys did not object when his sentence was based upon the full weight of the drugs that had been involved in the conspiracy. As indicated above, however, counsel's failure to make this objection was not deficient because the district court did not commit clear error in this regard. Again, Moseley's failure to show that counsel's performance was deficient independently defeats his claim, see id., and he was not prejudiced by counsel's alleged error.
 Therefore, the district court did not abuse its discretion by dismissing Moseley's current motion to vacate because he has not established cause and prejudice that would excuse his abuse of the writ. The foregoing analysis also shows that the ends of justice would not be served by creating an exception to the cause and prejudice rule here. See McCleskey, 499 U.S. at 495.
 
 
 1
 Moseley now argues that his attorneys did not object to the plea agreement insofar as it indicated that he had waived his right to appeal, that counsel ignored a request to withdraw his plea, that he was not charged with violating 21 U.S.C. § 843(b) in the indictment, and that his pro se objections to the presentence investigation report were not resolved. We will not consider these claims because they were not clearly raised in Moseley's current § 2255 motion in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 2
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation